

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*********************************************

UNITED STATES OF AMERICA,

    v-                                                              Criminal No. 08-CR-68
                                                                   (Hon. Norman A. Mordue)

STEVEN AHDERS,
                  **Defendant.**

*********************************************

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

    1.    As a result of the guilty plea to Count 1 Indictment 08-CR- 68, which alleged forfeiture pursuant to 18 U.S.C. § 2253, and the defendant's admission of the forfeiture allegation as set forth in Indictment 08-CR-68, the defendant shall forfeit to the United States all his right, title and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the charged 18 U.S.C. §§ 2251(a), incorporating § 2256 (8) offenses, as alleged in Indictment 08-CR-68; and

    2.    The Court has determined, based on evidence already in the record, including the defendant's plea, written plea agreement, and admission of the illegal acts alleged in the

Indictment 08-CR-68 that the following property is subject to forfeiture pursuant to 18 U.S.C. §2253 and that the Government has established the requisite nexus between such properties and such offenses:

### Personal Property:

1. **Kodak Easyshare digital camera, model CX7300, serial number KCGCX44694575,**
2. **Sprint Treo PDA, serial number PTVCO7T5H5BE, and**
3. **Acer laptop computer, Model BL50, s/n 6503313861**

3. Upon the entry of this Order, the Department of Homeland Security, Immigration and Customs Enforcement is authorized to seize the above listed properties which are subject to forfeiture.

4. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 2251, incorporating 21 U.S.C. § 853(i).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

7. Any persons, other than the above-named defendant, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice,

whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject properties and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. § 2253, incorporating 21 U.S.C. § 853 (n).

8.  Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties; the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties; any additional facts supporting the petitioner's claim; and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1)(B), 18 U.S.C. § 2253, incorporating 21 U.S.C. § 853(n)(7) for the filing of third party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant United States Attorney Thomas A. Capezza, United States Attorney's Office for the Northern District of New York, 218 James T. Foley Courthouse, 445 Broadway, Albany, New York.

Dated: Nov. 26, 2008

Honorable Norman A. Mordue
Chief U.S. District Court Judge